# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:05CV513-MU

| | |
|---|---|
| **MOUNTAIN FUNDING, LLC,** a North Carolina limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **BLACKWATER CROSSING, LLC,** a Florida limited liability company, **JAMES WILLIAM CULP, MICHAEL DECKER, TIMOTHY P. DeMAN, DENNIS L. KING, DAVID W. MAVER, DAVID A. OFFUTT, JEFFREY P. PHILLIPS, LISA D. RICHARDSON, VERNIE E. RICHARDSON, ELAINE MARIA SIN-HIDGE, WAYNE STEWART SIN-HIDGE, CELEBRATION DEVELOPMENT GROUP, LLC,** a Florida limited liability company, **DMK CONSULTING AND DEVELOPMENT, LLC,** a Florida limited liability company, **THE DENNIS L. KING LIVING TRUST DATED AUGUST 22, 2000,** a California Trust, **FLORIDA REALTY, LLC,** a Florida limited liability company, **SUN LIZARDS CONSULTING, LLC,** a Florida limited liability company, and **WESTERN SIERRA BANK CUSTODIAN FBO DENNIS KING IRA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER** (aligned with v.)

1

**This Matter** is before the court upon a motion by Defendants Michael Decker, Dennis L. King, David A. Offutt, Jeffrey P. Phillips, Lisa D. Richardson, Vernie E. Richardson, Elaine Maria Sin-Hidge, Wayne Stewart Sin-Hidge, Celebration Development Group, LLC, The Dennis L. King Living Trust Dated August 22, 2000, and Western Sierra Bank Custodian F/B/O Dennis King IRA ("Moving Defendants") to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Each Moving Defendant has submitted an affidavit in support of this position.

## I. Background

On or about November 12, 2004, Plaintiff Mountain Funding, LLC, a North Carolina limited liability company, entered into a series of loan contracts with Blackwater Crossing, LLC, ("Blackwater") a Florida limited liability company. The terms of the contracts stated *inter alia* that Blackwater would repay the loan, that performance would take place in North Carolina, and that North Carolina law would govern the rights and duties of the parties.

Plaintiff filed the present Complaint alleging that Blackwater defaulted on the loan. Plaintiff also named as Defendants the alleged members of Blackwater at the time the loan contracts were executed. Affidavits submitted by these Moving Defendants state that none of them has lived in, is a citizen of, owned property or conducted business in, maintained a driver's license, office, telephone listing, mailing address, business, agent, or entered into any contracts or established relationships with the state of North Carolina or any person, company, or entity domiciled in North Carolina.

**II. Motion to Dismiss**

When the court rules on a 12(b)(2) motion without conducting an evidentiary hearing, the burden is on the plaintiff to make a prima facie showing that personal jurisdiction exists. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). Further, all relevant pleading allegations must be construed in a light most favorable to the plaintiff. Id.

Moving Defendants argue that Plaintiff's Complaint should be dismissed for lack of personal jurisdiction. To meet its burden of showing personal jurisdiction, the Plaintiff must demonstrate that (1) the Moving Defendants' activities fall within the language of North Carolina's "long-arm" statute, and (2) the exercise of jurisdiction would not violate the due process clause of the Fourthteenth Amendment to the United States Constitution. See Mylan Laboratories,Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). The North Carolina Supreme Court has liberally construed the North Carolina long-arm statute to extend to the full jurisdictional powers permissible under federal Due Process. Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1065 (4th Cir. 1982).

**A. Long-Arm Statute**

North Carolina's long-arm statute provides twelve possible bases for asserting personal jurisdiction over foreign defendants. N.C. Gen. Stat. § 1-75.4 (2005). Plaintiff asserts that subsections 1-75.4(5)(a) through (d) are applicable herein. Subsection 1-75.4(5)(a) provides for personal jurisdiction over a defendant "[i]n any action which . . . [a]rises out of a promise made . . . by the defendant . . . to pay for services to be performed in this State by the plaintiff." N.C. Gen. Stat. § 1-75.4(5)(a) (2005). Subsection 1-75.4(5)(b) authorizes personal jurisdiction over contract matters where services anticipated by the contract are actually performed within North Carolina by the plaintiff that were "authorized or ratified by the defendant." N.C. Gen. Stat. § 1-

3

75.4(5)(b) (2005). Finally, subsections 1-75.4(5)(c) and (d) authorize personal jurisdiction where either the defendant promises to deliver "things of value" to plaintiff in North Carolina, and/or the defendant recieves "things of value" from the plaintiff shipped at the defendant's order or direction. N.C. Gen. Stat. § 1-75.4(5)(c), (d) (2005).

Plaintiff asserts that these portions of the long-arm statute authorize the exercise of personal jurisdiction over Moving Defendants. However, the activities alleged by the Plaintiff to support jurisdiction only pertain to Blackwater. Only Blackwater, and not the Moving Defendants, allegedly promised to pay for the services of Plaintiff pursuant to subsection 1-75.4(5)(a), allegedly authorized the contract to be performed in North Carolina pursuant to subsection 1-75.4(5)(b), and promised to deliver and/or recieve "things of value" under the terms of the loan agreement pursuant to subsections 1-75.4(5)(c) and (d). As a result, Plaintiff has failed to meet its burden to establish that the long-arm statute authorizes personal jurisdiction over the Moving Defendants themselves.

**B. Minimum Contacts**

Because Plaintiff has failed to meet its burden to establish personal jurisdiction under the North Carolina long-arm statute, it is unnecessary to conduct a due process analysis. However, the court will nevertheless address this issue.

There are two tests for determining whether a defendant has the requisite minimum contacts with the forum state to satisfy due process. If the cause of action is unrelated to the defendant's activities in the forum state, the plaintiff must show that the defendant's contacts are sufficiently "continuous and systematic" to support the exercise of "general jurisdiction" over the defendants. Helicopteros Nationales de Colombia v. Hall, 466 U.S. 408, 415-16 (1984). However, if the cause of action is related to or arises out of the defendant's activities within the

4

forum state, the plaintiff must show that the defendant "purposefully availed [itself] of the privileges of conducting activities" in the forum state to support "specific jurisdiction." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). Further, if a party " reach[es] out beyond one state and create[s] continuing relationships and obligations with citizens of another state" through interstate contracts, that party is subject to "specific jurisdiction" in the other state for causes of action arising from the contracts. Id at 473. Courts apply these standards "on a case by case basis, determining what is fair, reasonable, and just according to the circumstances." Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d at 1068. Plaintiff herein asserts that its cause of action arises out of Moving Defendants' activities within North Carolina, specifically the loan contracts, and thus only seeks to establish "specific jurisdiction."

Personal jurisdiction over a limited liability company does not automatically extend to its members. Membership in a business entity is not sufficient in and of itself to confer personal jurisdiction. See Shaffer v. Heitner, 433 U.S. 186 (1977); see also Lasalle Bank N.A. v. Mobile Hotel Props., LLC, 274 F.Supp.2d 1293, 1300 (S.D. Ala. 2003). Instead, the members must have the requisite minimum contacts with the forum state independently of the limited liability company. Carter G. Bishop & Daniel S. Kleinberger, Limited Liability Companies: Tax and Business Law Current Through 2006 § 6.08 (2006) *available at* 1998 WL 1169401. "[I]n each case ... there [must] be some act by which *defendant* purposely avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hansen v. Denkla, 357 U.S. 235, 253 (1958) (italics added).

In the present case, Plaintiff asserts that "Moving Defendants reached out beyond their respective states and created a continuing relationship and ongoing obligations with [Plaintiff] by virtue of their alleged membership in Blackwater." Pl.'s Mem. in Resp. to Moving Def.'s

5

Mot. to Dismiss 7. It further asserts that by their "use and control of Blackwater as alleged members thereof, to pursue the Loan from Mountain Funding," Moving Defendants purposely availed themselves of the privilege of conducting business in North Carolina. Pl.'s Mem. in Resp. to Moving Def.'s Mot. to Dismiss 7-8. However, membership in a business entity alone is not a basis for personal jurisdiction and the Plaintiff must show that the Moving Defendants have minimum contacts with North Carolina independently of Blackwater's contacts. See Hansen, 357 U.S. at 253. Plaintiff has not made such a showing. The alleged acts in Plaintiff's supporting memorandum were conducted by Blackwater, not Moving Defendants. Blackwater negotiated and agreed to the terms of the loan contract, had rights and obligations under its terms, and allegedly defaulted. Further, affidavits submitted by Moving Defendants state that none of them has the requisite minimum contacts for specific personal jurisdiction in North Carolina.

Plaintiff also asserts that this court can apply the reasoning in Carden v. Arkoma Assoc., 494 U.S. 197 (1990), by analogy to find personal jurisdiction. However, the practice of disregarding a limited liability company as an entity and looking to the citizenship of its members is only used to determine whether a court has diversity for subject matter jurisdiction. See 28 U.S.C. § 1332(c)(1) (2000). This principle has not been applied to personal jurisdiction, which presents distinct due process issues.

Finally, Plaintiff asserts that the "aggregate theory" principle has been applied in at least one federal court to determine that a limited liability company member was subject to personal jurisdiction. See Fisher v. Blackmore, 325 F.Supp.2d 810, 814-16 (E.D.Mich.2004). However, the court in Fisher held that the defendant limited liability company member was subject to personal jurisdiction in Michigan because he visited Michigan on three occasions, conducted business there, and made misrepresentations leading to a tort. The defendant's own actions

satisfied the Michigan long arm-statutes as well as minimum contacts. Id. Unlike Fisher, the Moving Defendants do not have such contacts with North Carolina.

Plaintiff has failed to make a prima facie showing that this court has personal jurisdiction over the Moving Defendants. Accordingly,

**IT IS THEREFORE ORDERED** that Moving Defendants' Motion to Dismiss Plaintiff's claims for lack of personal jurisdiction is hereby GRANTED.

Signed: June 5, 2006

Graham C. Mullen
United States District Judge